UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  13-23416-CIV-MORENO**

MARILYN BIALEK,

       Plaintiff,

vs.

DELVISTA TOWERS CONDOMINIUM ASS'N,
INC. and AKAM ON-SITE, INC.,

       Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DELVISTA TOWERS CONDOMINIUM ASSOCIATION'S MOTION TO DISMISS AND ORDERING REPLEADER

**I. Background**

       This case comes before the Court on the Defendant Delvista Towers Condominium Association's Motion to Dismiss the Complaint. This case is a claim for damages involving allegations of violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"),  and the Florida Civil Rights Act. Plaintiff is a woman over 40, and she was employed as an administrative assistant hired by Defendant AKAM On-Site and working at the site of Defendant Delvista Towers Condominium Association ("Delvista") from January 26, 2011 until she was terminated on February 13, 2012. Defendant AKAM was the managing agent and property manager at the Delvista Towers Condominiums.

       Plaintiff has sued both organizations as her employer. She claims that she was systematically sexually harassed by Property Manager Hyman Zelcer, who allegedly once told her that he "hoped" her cancer came back. The Complaint does not specify which organization employed Zelcer. Plaintiff alleges that she routinely made complaints to the upper management of both Delvista and AKAM

about Zelcer's behavior. The last time she complained about Zelcer was February 10, 2013, three days before she was terminated. Plaintiff's Complaint contains five counts: (1) Sexual Harassment under the Florida Civil Rights Act, (2) Age Discrimination in violation of the Age Discrimination in Employment Act and Florida Civil Rights Act, (3) Retaliation - Unfavorable Job Assignment in violation of Title VII and the Florida Civil Rights Act, (4) Retaliation - Termination of Employment in violation of Title VII and the Florida Civil Rights Act, and (5) Retaliation - Failure to Take Action to Remedy Discrimination in violation of Title VII and the Florida Civil Rights Act. The Complaint is not specific as to which Defendant Plaintiff directs each count, however, based upon the ubiquitous use of the plural "Defendants," it appears that Plaintiff has directed all five counts against both Defendants. On June 25, 2013, the U.S. Equal Employment Opportunity Commission issued the Plaintiff a Right to Sue Letter. Plaintiff filed her Complaint on September 20, 2013, within 90 days of the issuance of the letter.

Defendant Delvista filed its Motion to Dismiss the Complaint under Rule 12(b)(6) on November 8, 2013. For reasons discussed more fully below, Defendant's Motion to Dismiss is DENIED with respect to her claims arising under federal law but GRANTED with respect to claims arising out of Florida Law. Additionally, because each Count states a cause of action under more than one statute, Plaintiff is hereby ORDERED to file an amended Complaint no later than **January 24, 2014** that complies with Rule 10(b) of the Federal Rules of Civil Procedure.

## II. Analysis

### A. 12(b)(6)

The entirety of the Defendant's 12(b)(6) motion concerns whether Plaintiff sufficiently alleged that Defendant Delvista qualified as an "employer" under Title VII, the ADEA, and the Florida Civil Rights Act. Under Title VII, "the term 'employer' means a person engaged in an

industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). An 'employee' is defined as "an individual employed by an employer..." *Id.* at § 2000e(f). The ADEA likewise defines "employee" as "an individual employed by any employer..." 29 U.S.C. § 630(f). Under the ADEA, a person must have 20 employees to qualify as an employer; otherwise, the definition is identical to the definition under Title VII. 29 U.S.C. § 630(b). The definition of the term "employer" in Title VII has informed the 11th Circuit's interpretation of the term under the ADEA, and it has stated that "there is no real difference (other than numerical) between the definitions in the two statutes." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1264 (11th Cir. 1997).

Similarly, under the Florida Civil Rights Act, an employer is defined as "any person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." Fla. Stat. § 760.02(7). The term "employee" is not individually defined in the Florida Civil Rights Act. *See id.*

Defendant Delvista contends that it was not Plaintiff's employer, but rather contracted property management functions out to AKAM. Further, Defendant argues that Plaintiff has failed to allege that Delvista (or AKAM) employed the necessary amount of people to be deemed an employer under the relevant statutory scheme, and that, as a matter of law, Delvista did not employ sufficient people to be an employer. Plaintiff did not directly address the numerosity issues raised in Defendant Delvista's motion. Rather, Plaintiff argues that "[t]he question of jurisdiction and the merits of an action will be considered intertwined where . . . a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's claim for relief." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1262 (11th Cir. 1997). Plaintiff is correct that whether a Defendant is an "employer" under the ADEA and Title VII is a the quintessential example of the intertwining of

-3-

jurisdiction and merits. *See Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003). Nevertheless, *Garcia* and *Morrison* concerned motions to dismiss under Rule 12(b)(1), while the instant case deals a motion to dismiss under Rule 12(b)(6). The requirements of each rule, and the standards the court may use in ruling on a motion to dismiss brought under the respective rules, are quite different. Thus, these cases provide Plaintiff with little support. *See id.*

It is not disputed that Plaintiff did not allege that either company employed the amount of employees necessary to qualify as an employer under the Florida Civil Rights Act, the Age Discrimination in Employment Act, or Title VII. The Complaint does state, however, that Plaintiff "at all times relevant, was an 'employee' as defined by Title VII, ADEA, and applicable Florida Law." Compl. ¶ 3. While this is not a model pleading, the Court, viewing the complaint in the light most favorable to the plaintiff, can infer that the Plaintiff has incorporated (if lazily) the numerosity requirement into its pleading. Because "employee" and "employer" are explicitly defined in the Age Discrimination in Employment Act and Title VII, and because the definition of "employee" circularly references the definition of the term "employer," the Court will allow claims under these statutes to proceed. While it is certainly not best practice for a Plaintiff to daisy-chain its factual allegations into its Complaint in this manner, in this narrow circumstance, it is sufficient.

This logic, however, does not apply the Claims under the Florida Civil Rights Act. The term "employee" is undefined in the Act. Thus, there is no connection to the term "employer" or to the factual definition contained therein. The link is broken, and thus, claims under the Florida Civil Rights Act must be dismissed insofar as they pertain to Defendant Delvista. *See Scheirich v. Town of Hillsboro Beach*, 2008 WL 186621 at *3 (S.D. Fla. Jan. 18, 2008) (Huck, J.) (dismissing case for employment discrimination for failure to state a claim for which relief could be granted where plaintiff did not allege two elements of her claim).

-4-

**B. Shotgun Pleading**

Defendant additionally argues this is a shotgun pleading. Even though the Court is not swayed by the arguments presented by Defendant, the Court will nonetheless require Plaintiff to replead the Complaint. Defendant Delvista is concerned that the 25 background paragraphs "do not distinguish between what acts were committed by which Defendants and therefore provide no assistance when attempting to decipher and apply the background facts to the five (5) individual causes of action." Defendant compares the Complaint it is being forced to address to the complaint in *Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001). In that case, a *pro se* prisoner filed a 58-page complaint against 14 different defendants. *Id.* at 1284. The counts all incorporated all allegations from all other counts, and each count was aimed at all defendants, even though, as the court noted "geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Id.*

In making its comparison, Defendant Delvista is being overly dramatic. The Complaint in this case is nine pages and contains five allegations. Further, rather than incorporating by reference all past or future allegations into each other, Plaintiff has only incorporated by reference the 25 paragraphs that make up her allegations of fact into each charge. Defendant is correct that all five counts are leveled at both defendants, but Plaintiff's theory is that both companies were her joint employer and that they both discriminated against her. This is not a particularly complicated case; Defendant Delvista will not be prejudiced if it is required to file an Answer. Indeed, codefendant AKAM on-site has already filed its Answer.

Nevertheless, while its reasons for wanting Plaintiff to replead are not persuasive, Defendant is correct that Plaintiff must replead its Complaint. Delvista does not bring up the issue, but each count cites more than one statute. Although the Florida Civil Rights Act is substantially similar to

the relevant parts of Title VII or the Age Discrimination in Employment Act, they are not identical. Therefore, it would be possible for a jury to find that the Defendants are liable under one statute but not under the other. Allegations arising from separate statutory authority should be contained in separate counts. *See* Fed. R. Civ. P. R. 10(b). *Cf. Bell v. Florida Highway Patrol*, 2010 WL 2889765 at *3 (M.D. Fla. July 22, 2010).

### III. Conclusion

This Court DENIES Defendant's Motion to Dismiss as it relates to the federal causes of action, but GRANTS the motion to dismiss as it pertains to the Florida Civil Rights Act. Plaintiff is required to plead one claim per count. Plaintiff is granted leave to refile her Complaint no later than **January 24, 2014.**

THIS CAUSE came before the Court upon Defendant Delvista Towers Condominium Association's Motion to Dismiss the Complaint **(D.E. No. 18)**, filed on **November 8, 2013**.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED IN PART AND DENIED IN PART.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of January, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-6-